IPETITION TOR A RE-HEARING, BY
JAMES TRIMBLE, Esq.
The counsel for the appellees respectfully ask the 'court to review their opinion, and grant a rehearing of the cause, for the following reasons:
It will be seen by exploring the record, that the death of Joseph Simpson is not any where formally-suggested. The only part from which that event can be inferred, is the order made at the special chancery term, 27th September, 1822, in which the order says that the parties earns by their attomies, and by consent, this cause is revived against Anu Simpson and Reuben Rowland, Adm’r. and Adm’x; of said Joseph Simpson deceased’s estate, and William C. Hayden, and Eliza, his wife, late Eliza Simpson, George I. B. Caldwell, and Patsey, his wife, late Patsey Simpson, Maria Simpson, James Simpson, Caroline Simpson, Josiah Simpson, Juliet Simpson and George Simpson, heirs and legal representatives of the said Joseph Simpson, deceaseds And James Trimble. Esq. is appointed special guardian ad litem, to answer and defend for the infant heirs as aforesaid, to wit: all except Eliza, Patsey and Maria.
After this order we hear no more of the guardian. There is no bill of revivor, nor is there any answer to Durrctt’s last amendment to his bill.
The special guardian has not answered' for the infants, nor does it appear in the record, that he appeared for them, or in any manner took upon himself the office of guardian, or that he even had knowledge of his appointment.
.j.muaíy IC.
Tito revivor is made without bill or procos?; huí; in place of the regular mode of revivor, the consent of the representatives of the deceased, is substituted; and the greater number of tiloso representatives are infants, and give this consent* according to the most liberal construction, by attorney, and without the protection of a guardian — and, although after-wards a guardian is appointed, lie does not take upon him the office, and the infants arc .still without a guardian.
This matter is respectfully urged, not as a reason for affirming the decree of the Circuit Court, but as a reason that this court ought not to order or direct any decree whatever to be rendered against the defendants; but. only to reverse the decree ami remand the cause, for new proceedings to be liad, to commence by causing a guardian ad litem to appeal for the infants, and take upon himself their defence.
On the part of the appellees, it is believed, that the cases reported in 1. Mar. 398, and 471, are cor, elusive upon this point.
It is believed, that every step taken in the cause., since tiic decease of Joseph Simpson, either by cr against the defendants* is erroneous, and' that no decree ought now to bo rendered by this court, that will conduele the defendants, because a part of them are infants, who stand at this moment unprotected by a guardian.
For these reasons, a re hearing is respectfully asked for on the part of the defendants.
On consideration, the court overruled the petition; to which effect
Judge Mills delivered an additional Opinion of Cue Court.
The manner in which this cause was revived, is relied on in the petition as sufficient io send the cause hack for new proceedings, commencing at that point, and to induce this court to refuse a mandato directing a decree to be entered at once.
Whether the cause was or was not regularly revived, is a question that did not escape the attention of the court in the first instance The appellant in •¡is argument, and assignment of errors then relied *529 upon It, to reverse the decree in his favor, as the appellees now do, to prevent a decree against them, and we deem it insufficient to aid either.
Whore defendant dies utter answer, the suit may be revived against bis administrator.] and infaan'r heirs, by con - sent, and a guardian ait litem need not answer
Crittenden and Mayes for appellant; Jas. TrimU» and Triplett for appellees:
The cause is revived by consent, and a guardian ad litem is chosen by agreement, and the only question remaining to be inquired into, is the assent of that guardian to his appointment, for the purpose of shewing that he undertook the trust. On this point the evidence is sufficient. The record shews that Le was an officer of court, and the counsel engaged in the defence, and more than one agreement Facilitating the progress of the cause, and regulating tiie evidence therein afterwards, is on file, signed by him, proving that he managed the defence in all respects; and the cause was heard without this objection in the court below. It is true, he put in no answer: nor was it necessary, for the ancestor of the infants had answered before his death. There is nothing to prevent a decree ending this controversy, on the return of the cause, especially as it is competent and proper, for the. court below to reserve a. day to the infant defendants, to shew cause against: the decree, after their arrival at full age.
The petition for a re-hearing is overruled.